UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JESUS VARGAS,

Plaintiff,

*– against –*

WARDEN, F.C.I. OTISVILLE,

Defendant.

**OPINION & ORDER**

23-CV-9348 (ER)

RAMOS, D.J.:

## I. BACKGROUND

### A. Criminal Sentence and ICE Detainer

On August 30, 2019, Vargas was sentenced in the U.S. District Court for the Northern District of Alabama to a 100-month term of imprisonment and ten years of supervised release for (1) conspiracy to distribute and possess with intent to distribute methamphetamine in violation of 21 U.S.C. § 846, 841(a)(1), and (b)(1)(A); and (2) distribution of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). Doc. 10-1 at 2-3. He served thirteen months of his prison sentence at F.C.I. Otisville, in Orange County, New York, during which he filed the instant petition. Doc. 10 ¶ 5; Doc. 1 at 5.

On or about September 20, 2019, the U.S. Department of Homeland Security ("DHS"), U.S. Immigration and Customs Enforcement ("ICE") lodged a detainer against Vargas on the basis that he was subject to a final order of removal. Doc 10-2 at 4.

### B. Instant Petition

On October 20, 2023, Vargas filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Doc 1. Vargas alleges that the Bureau of Prisons ("BOP") discriminated against non-U.S. citizens by preventing them from applying earned time credits ("ETC") under the First Step Act ("FSA") toward early prerelease or supervised release. *Id*. at 2, 3. Vargas does not raise any challenge to his underlying criminal

conviction. On March 22, 2024, Respondent submitted a memorandum of law in opposition to Vargas' petition and an accompanying declaration of Nicole T. Lewis, a Legal Assistant at the Metropolitan Detention Center in Brooklyn, New York. Doc. 9, 10. On September 6, 2024, the Court extended Vargas' deadline to file a reply brief until October 7, 2024, after which the Court would consider the petition fully briefed. Doc. 11. Vargas did not file a reply.

On September 21, 2026, the Court directed Respondent to confirm whether the order of removal against Vargas was executed. Doc 12 at 1. On September 29, 2026, Respondent informed the Court that the U.S. Department of Homeland Security confirmed that Vargas was removed from the United States to Mexico on February 26, 2025. Doc 13 at 1.

## II. DISCUSSION

"A case 'becomes moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome,' […] at which point 'the Constitution's case or controversy requirement, U.S. Const. Art. III, § 2, is not satisfied and a federal court lacks subject matter jurisdiction over the action[.]'" *De La Cruz v. Department of Homeland Security*, No. 20 Civ. 2219 (AJN), 2021 WL 431037, at *2 (S.D.N.Y. Feb. 8, 2021) (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982); *New York City Employees' Retirement System v. Dole Food Co.*, 969 F.2d 1430, 1433 (2d Cir. 1992)).

A petitioner's removal from the United States renders moot a habeas corpus petition challenging unlawful detention. *See e.g.*, *Trinidad v. Jamison*, No. 23 Civ. 4233 (DEH) (VF), 2026 WL 2268093, at *2–3 (S.D.N.Y. July 6, 2026), *report and recommendation adopted*, 2026 WL 2255747, at *1 (S.D.N.Y. Aug. 5, 2026); *Pena v. Lynch*, 257 F. Supp. 3d 346, 347–48 (S.D.N.Y 2017) (finding a *habeas corpus* petition moot after petitioner was removed from the United States); *see also Hassoun v. Searls*, 976 F.3d 121, 130 (2d Cir. 2020) (finding that the appeal of a detention challenge was

moot as the petitioner had been removed from the United States). As Vargas has been removed from the United States, the Court concludes the instant habeas corpus petition is moot.

## III. CONCLUSION

The Petition is hereby DISMISSED as moot. Accordingly, the Clerk of the Court is respectfully directed to close the case.

It is SO ORDERED.

Dated: October 21, 2026
New York, New York

EDGARDO RAMOS, U.S.D.J.